In the Matter of Louis BRODEY et al., Copartners, Doing Business as BRODEY & BIRNBAUM, Petitioners. ALLEN L. GOLDFINE, INC., as Agent for GEORGES RIVER WOOLEN MILLS, Respondent.

Supreme Court, Special Term, New York County, November 2, 1942.

*Jacob Shultz* for petitioners.

*Meyer Boskey* for respondent.

VALENTE, J. This motion seeks a stay of arbitration proceedings before the American Arbitration Association. The claim that the agreement containing the arbitration clause is illegal because the price fixed therein exceeds the ceiling imposed by the Office of Price Administration is untenable in view of the fact that the agreement contains an express provision that " prices on any undelivered portion of this contract are subject to any further increase or *decrease* due to governmental action." (Italics supplied.) The contention that the dispute as to quality must be determined by the Mutual Adjustment Bureau prior to any arbitration before the American Arbitration Association is overruled. It is quite possible that the arbitrators in the arbitration held under the auspices of the American Arbitration Association may decide that no determination as to the quality of the merchandise is necessary or material to any award which they may make. In other words, they may find that the rights of the parties are not dependent upon the quality of the merchandise, either because the claim of defective quality was an afterthought or because the right to reject for defective quality had been waived, or for other reasons. If the arbitrators should reach the conclusion that a determination of the rights of the parties in the controversy submitted to them is dependent upon a finding as to the quality of the merchandise, then the petitioners are entitled to have the question of quality determined by the Mutual Adjustment Bureau. The petitioners may not, however, at this time stay the arbitration before the American Arbitration Association merely because they contend that an issue of quality exists which must be first submitted to the Mutual Adjustment Bureau. Whether or not an issue of quality exists which must be determined before any award may be made by the arbitrators of the American Arbitration Association is a question which depends upon the views of those arbitrators. The motion to stay the arbitration and for incidental relief is denied but without prejudice to an application by the petitioners for an arbitration as to quality before the Mutual Adjustment Bureau in the event that a determination as to quality is found necessary in the arbitration before the American Arbitration Association.