Saul S. Streit, J.
This is a motion by Lilli Ann Corp. to stay arbitration before the American Arbitration Association. The demand before said arbitration association concerns an issue of payment for goods sold. Issues of condition or quality of any goods delivered were left to the Mutual Adjustment Bureau of the Cloth and Garment Trades of the City of New York. The petitioner urges that the dispute as to quality and condition must be first determined by the Mutual Adjustment Bureau. However, there is no evidence that any such demand has been made on such issues.
The petitioner purchased goods from respondent between July 27, 1961 and October 13, 1961. The demand in the arbitration proceeding was made on January 29, 1962. It is true that the parties have a right to name the body to determine their disputes or particular issues (Matter of Stewarts Tenants Corp. [Diesel Constr. Co.], 16 A D 2d 895). It is also apparent herein that the issue of condition or quality is left solely to a particular body, viz., Mutual Adjustment Bureau of the Cloth and Garment Trades of the City of New York. However, the issues as to all other parts of the contract were for the American Arbitration Association.
*165 Hence, as stated in Matter of Brodey (Allen L. Goldfine, Inc.) (179 Misc. 534, 535) “ Whether or not an issue of quality exists which must he determined before any award may be made by the arbitrators of the American Arbitration Association is a question which depends upon the views of those arbitrators.”
“ In other words, they may find that the rights of the parties are not dependent upon the quality of the merchandise, either because the claim of defective quality was an afterthought or because the right to reject for defective quality had been waived, or for other reasons. If the arbitrators should reach the conclusion that a determination of the rights of the parties in the controversy submitted to them is dependent upon a finding as to the quality of the merchandise, then the petitioners are entitled to have the question of quality determined by the Mutual Adjustment Bureau. The petitioners may not, however, at this time stay the arbitration before the American Arbitration Association merely because they contend that an issue of quality exists which must be first submitted to the Mutual Adjustment Bureau.”
The proceeding herein is quite similar.
Therefore, the application to stay the arbitration and for incidental relief is denied but without prejudice to an application by petitioner for an arbitration as to quality before the Mutual Adjustment Bureau in the event that a determination as to quality or condition is found necessary in the arbitration before the American Arbitration Association.